1
2
3
4
5

**UNITED STATES DISTRICT COURT**

6

**EASTERN DISTRICT OF CALIFORNIA**

7

8 **BEVERLY J. MARSHALL,**

9 **Plaintiff**

10

11 v.

12 **FORD MOTOR COMPANY, a Delaware corporation; DECKER FORD, INC., dba Future Ford of Clovis, a California corporation; and DOES 1-30, inclusive,**

13

14 **Defendants**

**CASE NO. 1:17-CV-0006 AWI MJS**

**ORDER RE: MOTION TO STRIKE**

15

16                                   **I. Background**

17    Plaintiff Beverly J. Marshall ("Plaintiff") purchased a 2012 Ford Focus previously used as

18 a rental car ("Vehicle") from Defendant Decker Ford ("Decker") on April 19, 2014.  The fact that

19 the Vehicle had been a rental car was not initially disclosed.  Decker informed Plaintiff that the

20 Vehicle had an automatic transmission.  The transmission used was a Dual Power Shift 6 Speed

21 Transmission which is not the same as a more traditional hydraulic automatic transmission.

22 Defendant Ford Motor Company ("Ford") had certified the Vehicle as being in good condition and

23 provided certain warranties on it.  On May 19, 2014, Plaintiff sent the Vehicle to Ford for repairs

24 due to issues with the transmission.  Ford serviced the Vehicle and returned it to Plaintiff.  On

25 October 23, 2014, Plaintiff again sent the Vehicle to Ford for repairs due to issues with the

26 transmission.  Ford again serviced the Vehicle and returned it to Plaintiff.  In January 2015,

27 Plaintiff requested that Ford repurchase the Vehicle; Ford refused to do so.

28    Plaintiff has filed suit, alleging four causes of action based on consumer protection laws:

(1) violation of the Song-Beverly Consumer Warranty Act ("Song-Beverly") (2) violation of the Magnuson-Moss Warranty Act ("Magnuson-Moss"), (3) violation of Business & Professions Code § 17200 et seq (also knows as the Unfair Competition law, "UCL"), and (4) violation of the Consumer Legal Remedies Act ("CLRA"). Doc. 2, Complaint.  Plaintiff asks for punitive damages against Ford. Doc. 2, Complaint, 17:15-16.

Decker has filed an answer. Doc. 17.  Ford has filed a motion to strike, seeking to eliminate the request for punitive damages. Doc. 12.  Plaintiff has not filed any opposition to the motion.

## II. Legal Standards

 "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. Rule Civ. Proc. 12(f).  The Ninth Circuit has stated that "Rule 12(f) does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law." Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 974-75 (9th Cir. 2010).  Rule 12(f) may not be used to strike a request for punitive damages. See, e.g. Estate of Prasad ex rel. Prasad v. County of Sutter, 958 F. Supp. 2d 1101, 1128 (E.D. Cal. 2013), Bakersfield Pipe & Supply, Inc. v. Cornerstone Valve, LLC, 2015 U.S. Dist. LEXIS 96331, *5 (E.D. Cal. July 23, 2015).  The proper vehicle for challenging the sufficiency of a punitive damages claim is a motion to dismiss under Rule 12(b)(6), and not a motion to strike under Rule 12(f).  "[W]here a motion is in substance a Rule 12(b)(6) motion, but is incorrectly denominated as a Rule 12(f) motion, a court may convert the improperly designated Rule 12(f) motion into a Rule 12(b)(6) motion." Consumer Solutions Reo, LLC v. Hillery, 658 F. Supp. 2d 1002, 1020-21 (N.D. Cal. 2009).  The motion will be considered as though it were brought as a motion to dismiss for failure to state a claim upon which relief can be granted.

A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. Rule Civ. Proc. 12(b)(6).  A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011);

1   Johnson v. Riverside Healthcare Sys., 534 F.3d 1116, 1121 (9th Cir. 2008).

2

3                                    **III. Discussion**

4          Ford asserts that the first three causes of action do not allow for punitive damages, while

5   Plaintiff's CLRA claim does not include such a request. Doc. 12-1, Brief, 2:24-26.  Plaintiff only

6   mentions her request for punitive damages at the end of her complaint, in the section entitled

7   "Prayer For Relief"; she does not make clear which cause or causes of action the request is related

8   to. See Doc. 2, Complaint.

9          The first cause of action is Song-Beverly.  California law permits the recovery of actual

10  damages plus a civil penalty of up to two times those actual damages if the Song-Beverly

11  violations are willful or if a manufacturer breaches an express warranty by refusing to make

12  restitution after reasonable repair attempts fail. Cal. Civ. Code § 1794(c) and (e).  Plaintiff has

13  requested this trebling of damages. Doc. 2, Complaint, 11:13-15.  This civil penalty is distinct

14  from punitive damages under California law; in fact, a plaintiff may not recover both forms of

15  relief for the same conduct. Troensegaard v. Silvercrest Indus., 175 Cal. App. 3d 218, 228 (Cal.

16  App. 1st Dist. 1985) ("by seeking a 'civil penalty' and also attorney's fees and all reasonable

17  expenses as allowed by Civil Code section 1794, plaintiff had in effect elected to waive punitive

18  damages under section 3294"); Gibson v. Chrysler Corp., 1998 U.S. Dist. LEXIS 11343, *8 (N.D.

19  Cal. July 20, 1998); Shore v. Gurnett, 122 Cal. App. 4th 166, 174 (Cal. App. 1st Dist. 2004).

20  Song-Beverly is not a proper basis for Plaintiff's request for punitive damages.

21         The second cause of action is Magnuson-Moss, a federal law.  "The Magnuson-Moss Act

22  provides a federal cause of action for state law express and implied warranty claims. However,

23  [the Magnuson-Moss Act] does not expand the rights under those claims, and dismissal of the

24  state law claims requires the same disposition with respect to an associated MMWA claim." In re

25  Sony Grand WEGA KDF-E A10/A20 Series Rear Projection HDTV TV Litig., 758 F. Supp. 2d

26  1077, 1101 (S.D. Cal. 2010), citations omitted. Magnuson-Moss does not provide an independent

27  basis for grant of punitive damages. See Kelly v. Fleetwood Enters., 377 F.3d 1034, 1039 (9th Cir.

28  2004).  Magnuson-Moss is not a proper basis for Plaintiff's request for punitive damages.

1    The third cause of action is UCL.  "It is settled law that punitive damages are not available

2    under § 17200." <u>Flo & Eddie v. Sirius Xm Radio</u>, 2016 U.S. Dist. LEXIS 185233, *5 n.1 (C.D.

3    Cal. Sep. 8, 2016), citing <u>Korea Supply Co. v. Lockheed Martin Corp.</u>, 29 Cal. 4th 1134, 1148

4    (2003).  UCL is not a proper basis for Plaintiff's request for punitive damages.

5    The fourth cause of action is CLRA.  This California law does allow for punitive damages.

6    Plaintiff asserts that Defendants' various misrepresentations violated Cal. Civ. Code § 1770(a)(2),

7    (3), (5), (7), (9), (14), and (16). Doc. 2, Complaint, 15:17-27.  As a remedy for CLRA violations,

8    Cal Civ. Code § 1780(a)(1) provides for actual monetary damages while Section 1780(a)(2), (3),

9    (4), and (5) provide for injunctions, restitution, punitive damages, and other relief respectively.

10   Cal. Civ. Code § 1780(a).  Plaintiff states specifically that she is "not currently seeking damages

11   under Civil Code § 1780(a)(l)" but rather is seeking an injunction, restitution, rescission, and

12   "other relief as may be prayed for at trial." Doc. 2, Complaint, 16:20-17:4.  Notably, she does not

13   include punitive damages on this list of relief requested under the CLRA.

14   Additionally, as plead, Plaintiff is not entitled to CLRA punitive damages.  For money

15   damages, a plaintiff must first follow a notice process that permits a defendant to remedy any

16   Section 1770 violation. Cal. Civ. Code § 1782.  Ford points out that Plaintiff has not plead

17   compliance with these procedures.  Punitive damages under CLRA must also meet the

18   requirements of Cal. Civ. Code § 3294, which sets out standards for when punitive damages are

19   warranted. <u>Hardt v. Chrysler Group LLC</u>, 2015 U.S. Dist. LEXIS 187386, *29 (C.D. Cal. June 15,

20   2015).  "In California, as at common law, actual damages are an absolute predicate for an award of

21   exemplary or punitive damages." <u>Kizer v. County of San Mateo</u>, 53 Cal. 3d 139, 147 (Cal. 1991).

22   Plaintiff does not appear to seek punitive damages under the CLRA nor is she entitled to such

23   damages as currently plead.

24

25                                        **IV. Order**

26   Plaintiff's request for punitive damages is DISMISSED without prejudice.  Plaintiff is not

27   granted leave to amend at this time; if she should change her mind and seek monetary damages for

28   the alleged violations of the Consumer Legal Remedies Act, she may make a motion to amend at

an appropriate time.

IT IS SO ORDERED.

Dated:   April 7, 2017

_____
SENIOR  DISTRICT  JUDGE